### BROWER v. BYRNE.

(Supreme Court, Appellate Division, Second Department. June 21, 1912.)

1. WITNESSES (§ 254*)—REFRESHING MEMORY—GROUNDS.

Where it appeared that a plaintiff had no original knowledge or present recollection as to the amount of work done by him for defendant, he should not be permitted as a witness to refresh his recollection from an abstract of the book in which he made entries as to the amount of work done, since that would not be a refreshing of his recollection in any sense of the word.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 868–873; Dec. Dig. § 254.*]

2. WORK AND LABOR (§ 28*)—ACTIONS—EVIDENCE.

In an action to recover on a quantum meruit for work and labor, where plaintiff gave no evidence that the items of labor for which he was charging were necessarily and properly required in the work, and no evidence as to the propriety or necessity of the time put in, he did not make out a prima facie case, and his complaint should have been dismissed on defendant's motion.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 17, 55; Dec. Dig. § 28.*]

Appeal from Trial Term, Nassau County.

Action by Robert B. Brower against Cornelius E. Byrne. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

John T. McGovern, of New York City, for appellant.
Frederick L. Gilbert, of Cedarhurst, for respondent.

PER CURIAM. The plaintiff has recovered a judgment against the defendant for the sum of $1,340.45, entered upon the report of a referee that awarded damages in the sum of $1,033.82 and taxable costs. The action was brought to recover on a quantum meruit for work, labor, and materials furnished at the request of the defendant

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the moving of certain houses owned by the defendant, located at Long Beach, Long Island. The answer put in issue the allegation of the complaint as to the reasonable value of the work and materials sued for, and set up a defense that the work in question had been done under a contract for a specified price, the whole amount of which had been paid for by the defendant. When the plaintiff came to make his proof, he did not follow the usual course of giving evidence as to the actual work done, and then expert evidence as to its reasonable value as a whole. He endeavored to prove his cause of action by giving proof as to a number of separate items of work and materials furnished, and the cost thereof. An examination of the record shows that by far the greater part of the claim for which the plaintiff has recovered judgment was made up of items of labor of men and teams.

[1] It appears that the plaintiff resided a considerable distance away from where the work was being done, and that he did not visit the work every day, and was not familiar from his own observation with the progress of the work from day to day. He stated in his testimony, "I didn't see those buildings, but my men told me every night what they did." He apparently made entries in his books according to the reports of the men to him of the amount of time consumed in the work. On the trial he produced none of these men to give any testimony in the case. It was apparent that he had no personal recollection of the details of the labor performed, and the time necessarily consumed therein, and he so stated, but he was allowed to refresh his recollection from a paper which he held in his hand and which he said was an abstract of his book. No doubt he could use it if it was in any way connected with the transaction, if it could in any way refresh his recollection as to things which were within his original knowledge. But here he was testifying about things as to much of which he had no original knowledge, and the purpose of referring to the paper, which contained an abstract from his book, was not a refreshing of his recollection in any sense of the word.

[2] Assuming, however, that this method of proof was sufficient so far as it went, he gave no testimony whatever to show that the items of labor for which he was charging were necessarily and properly required in the doing of the work in question. He did say that a certain number of days' labor were "put in on this work," but nothing as to the propriety or necessity of the time so "put in." In other words, he did not make out a prima facie case on the hearing before the referee, and his complaint should have been dismissed on that ground, on the motion made by the defendant when the plaintiff closed his case. A little more care and attention to the long existing and well-understood rules of evidence might have avoided the defects of this fruitless trial.

The judgment should be reversed, and a new trial granted at Trial Term, costs to abide the event.